**XIAOWU XIA–NMN, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

**No. 09–0267–ag.**

United States Court of Appeals,
Second Circuit.

Nov. 6, 2009.

---

Gary J. Yerman, New York, New York, for Petitioner.

Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Sharon M. Clay, Trial Attorney, Office of

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former

Acting Attorney General Mark R. Filip as respondent in this case.

PRESENT: DENNIS JACOBS, Chief Judge, JON O. NEWMAN, PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiaowu Xia–Nmn, a native and citizen of the People's Republic of China, seeks review of a December 31, 2008 order of the BIA affirming the January 28, 2008 order of an immigration judge ("IJ") denying his motion to reopen. *In re Xiaowu Xia–Nmn,* No. A077 783 700 (B.I.A. Dec. 31, 2008), *aff'g* No. A077 783 700 (Immig.Ct.N.Y. Jan. 28, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA adopts the decision of the IJ and supplements it, we review the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). We review the agency's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). When the agency considers relevant evidence of country conditions in evaluating a motion to reopen, we review the agency's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey,* 546 F.3d 138, 169 (2d Cir.2008).

We conclude that the agency did not err in denying Xia's untimely motion to reopen because it reasonably found that he failed to establish his *prima facie* eligibility for relief. *See Jian Hui Shao,* 546 F.3d at 148–49, 174 (requiring an asylum applicant claiming a fear of sterilization based on the birth of more than one child to establish: (1) details of the specific policy applicable to the case; (2) that the applicant violated the policy; and (3) that the violation would be punished by persecutive measures).

While Xia argues that the BIA's analysis of his evidence was inadequate, evidence that "the [agency] is asked to consider time and again [may be considered] . . . in a summary fashion without a reviewing court presuming that [the agency] has abused its discretion." *Wei Guang Wang v. B.I.A.,* 437 F.3d 270, 275 (2d Cir.2006). Indeed, we have rejected the notion that the agency must "expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner," *Jian Hui Shao,* 546 F.3d at 169, and will "presume that [the agency] has taken into account all of the evidence before [it], unless the record compellingly suggests otherwise," *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir. 2006).

Xia's argument that the agency erred in according minimal weight to his evidence is unavailing. As the IJ reasonably found, the letter from Xia's father did not indicate that Xia was similarly situated to the person described in the letter who had allegedly been sterilized after the birth of her second child. Moreover, the agency reasonably found that Xia's evidence, including the Village Notice, failed to establish that he would face harm amounting to persecution because of the birth of his children in the United States. *See Jian Hui Shao,* 546 F.3d at 164 (finding that the BIA reasonably concluded that the economic rewards and penalties used to implement the family planning policy in Fujian Province did not necessarily amount to "physical or mental coercion"). Because Xia's failure to establish *prima facie* eligibility for relief provides a valid basis for the BIA's denial of his motion to reopen, we find no abuse of discretion here. *See I.N.S. v. Abudu,* 485 U.S. 94, 104, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have com-

pleted our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).